## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## COLUMBIA DIVISION

| | |
|---|---|
| Daniel Woodard, | ) |
|         Plaintiff, | ) Case No. 3:17-cv-1787-MBS |
| vs. | ) |
| Rania Alquzah, Ranis Mart of Columbia d/b/a City Gas, Pagan Dhillion, C.K. Acquisitions, LLC d/b/a El Cheapo, Lawton Diamond, Winnsboro Petroleum d/b/a Pops Shell Station, Alhanik Murad, Alhanik, LLC d/b/a Obama Convenience Store, Sukhwinperpal Singh, Cheapway d/b/a El Cheapo, | ) **OPINION AND ORDER** |
|         Defendant. | ) |

Plaintiff Daniel Woodard (hereinafter "Plaintiff") brought the underlying action against numerous owners and operators of convenience stores, Defendants Rania Alquzah; Ranis Mart of Columbia d/b/a City Gas; Pagan Dhillion; C.K. Acquisitions, LLC d/b/a El Cheapo; Lawton Diamond; Winnsboro Petroleum d/b/a Pops Shell Station; Alhanik Murad; Alhanik, LLC d/b/a Obama Convenience Store; Sukhwinperpal Singh; and Cheapway d/b/a El Cheapo (hereinafter collectively "Defendants"), alleging that he was denied the use of restroom facilities located on Defendants' premises because of his race as an African American. Plaintiff asserts causes of action for intentional discrimination in violation of 42 U.S.C. § 1981 (First Cause of Action); and for a violation of 42 U.S.C. § 2000(a), which prohibits discrimination or segregation in places of public accommodation (Second Cause of Action). This matter is now before the court on Defendants' various motions to dismiss, ECF Nos. 5, 27, 31, 32, and Plaintiff's motion to amend/correct the complaint, ECF No. 39.

1

## I. RELEVANT FACTS AND PROCEDURAL HISTORY

On June 7, 2017, Plaintiff, who is a disabled African American citizen, filed the present lawsuit in Richland County Court of Common Pleas, South Carolina. Case No. 2017-CP-03536. Plaintiff alleges that during the month of November 2016, Plaintiff was a customer at Defendants' convenience stores on several occasions to purchase gas. Compl. ¶ 16. During those visits, Plaintiff requested and was denied the use of restroom facilities by Defendants or their employees. Compl. ¶ 17. As a result, Plaintiff conducted a private investigation that disclosed "Defendants allowed white customers to use the restroom facilities when requested on one or more occasions." Compl. ¶ 18. Plaintiff asserts that the denial was "intentional and purposeful discrimination against the Plaintiff which occurred solely because of Plaintiff's race as an African American." Compl. ¶ 24. Moreover, Plaintiff asserts that he was denied equal access to public accommodations. Compl. ¶¶ 27-28.

On July 7, 2017, Defendants Lawton Diamond (hereinafter "Diamond") and Winnsboro Petroleum Company (hereinafter "Winnsboro Petroleum") removed this action to this court pursuant to 28 U.S.C. § 1331 on the basis of federal question jurisdiction.[1] ECF No. 1. Contemporaneously with the notice of removal, Defendants Diamond and Winnsboro Petroleum filed a motion to dismiss for lack of personal jurisdiction, insufficient process, insufficient service of process, and failure to state a claim upon which relief can be granted. ECF No. 5. In their motion, Defendants Diamond and Winnsboro Petroleum assert that they were improperly served with

---

[1] On July 7, 2017, Defendant Dhillion and C.K. Acquisitions, LLC filed an Answer to Plaintiff's complaint. ECF No. 4. On August 9, 2017, Defendants Alhanik Murad, Alhanik, LLC, Ranis Mart of Columbia, and Rania Alquzah filed an Answer to Plaintiff's complaint, ECF Nos. 12, 13, and consented to removal on August 10, 2017, ECF Nos. 18, 20. Defendants Sukhwinperpal Singh (hereinafter "Singh") and Cheapway d/b/a El Cheapo (hereinafter "Cheapway") filed an Answer to Plaintiff's complaint, ECF No. 24, and consented to removal on August 28, 2017, ECF No. 22.

Plaintiff's summons and complaint. *Id*. at 4. Defendant Diamond claims service was attempted by leaving a copy of the summons and complaint with a store employee who is not authorized to accept service on his behalf. *Id*. Defendant Diamond further claims he "does not even work at the store where service was attempted." *Id*. n. 5. Defendant Winnsboro Petroleum asserts that Plaintiff effectuated service upon a store manager named Deshonne Hall, who is not an authorized registered agent to accept service on behalf of Winnsboro Petroleum. *Id*. at 4. Therefore, Defendants Diamond and Winnsboro Petroleum contend that this court does not have personal jurisdiction over this case. *Id*. at 5.

On July 21, 2017, Plaintiff filed a response to Defendants' Diamond and Winnsboro Petroleum motion to dismiss. ECF No. 9. Plaintiff argues that these "Defendants have not alleged any prejudice from the delay of service." *Id*. at 2. Plaintiff further argues that "because the time to serve the Defendants has not expired . . . the court should deny the Defendant's motion to dismiss and allow any alleged defect to be cured before the 90 to 120 days expiration." *Id*. at 3. In reply, Defendants Diamond and Winnsboro Petroleum allege an agreement was reached with Plaintiff's counsel. ECF No. 11 at 1. According to the agreement, Plaintiff would file an amended complaint dismissing Defendant Diamond and Defendant Winnsboro would accept service of the amended complaint without conceding that service was improper. ECF No. 11 at 1. However, Defendants Diamond and Winnsboro Petroleum allege this agreement was not confirmed by Plaintiff's counsel until July 5, 2017, and thus, these Defendants filed a motion to dismiss to address the issue. *Id*. at 2. If Plaintiff serves an amended complaint and complies with the agreement, Defendants Diamond and Winnsboro Petroleum allege the present motion to dismiss will be rendered moot. *Id*. at 3.

On August 28, 2017, Defendants Alquzah, Ranis Mart, Murad, Alhanik LLC, Singh, and Cheapway filed virtually identical motions to dismiss for insufficient service of process pursuant

3

to Fed. R. Civ. P. 12(b)(5).[2] ECF No. 27, 31, 32. These Defendants assert that service was defective, as they were improperly served with Plaintiff's summons and complaint. ECF No. 27 at 1-2, ECF No. 31 at 2, ECF No. 32 at 2. They indicate that Plaintiff did not effectuate service upon the registered agent as listed in the South Carolina Secretary of State records and instead left a copy of the summons and complaint with an employee of the store not authorized to accept service on their behalf. ECF No. 27 at 3, ECF No. 31 at 3, ECF No. 32 at 5-6.

On September 11, 2017, Plaintiff filed a response in opposition to Defendants Murad and Alhanik, LLC's motion to dismiss.[3] ECF No. 35. Plaintiff argues that these Defendants failed to allege any prejudice from the delay of service. *Id*. at 2. Plaintiff also contends that Murad and Alhanik, LLC had actual notice of the lawsuit and such notice can remedy any issues resulting from Plaintiff's service of process. *Id*. at 2. Plaintiff further claims that less than 90 days has transpired since the filing of the lawsuit and therefore Plaintiff can still correct any deficiencies. *Id*. at 3. Defendants Murad and Alhanik, LLC filed a response on September 15, 2017, alleging that they "cannot assert prejudice arising from improper service in this matter at this point in time." ECF No. 36 at 1. Defendants Murad and Alhanik, LLC contend they "have conferenced with Plaintiff's counsel on this matter, and believe that in the interests of this case and judicial economy the motions to dismiss in this matter should be withdrawn." *Id*. at 2. However, Defendants Murad and Alhanik argue to date Plaintiff has not filed or serve an amended complaint. *Id*. at 2.

---

[2] These Defendants are represented by the same counsel and their motions to dismiss are identical in all respects, except for their names. Defendants Dhillion and C.K. Acquisitions have not filed a motion to dismiss in this case.
[3] Plaintiff appears to address only Defendant Murad and Alhanik, LLC's motion to dismiss. Plaintiff did not file a response in opposition for Defendants Alquzah, Ranis Mart, Singh, and Cheapway's motion to dismiss.

On October 14, 2017, Plaintiff filed a motion to amend/correct the complaint and attached a proposed amended complaint. ECF No. 39. Plaintiff states that an agreement between one or more opposing counsels was reached, wherein Plaintiff agreed to dismiss Defendants[4] in their individual capacities and proceed against Defendants only as "corporate entities or individuals 'doing business as' a specific named business."[5] *Id*. at 1. Plaintiff also added a new cause of action for disability discrimination pursuant to 42 U.S.C. §§ 12101, et seq. *Id*. at 2. Plaintiff argues that this new cause of action stems from "the same set of fact or circumstances as the two causes of actions already alleged." *Id*.

On October 25, 2017, Defendants Diamond and Winnsboro Petroleum filed a response in opposition to Plaintiff's motion to amend/correct the complaint. ECF No. 40. Defendants Diamond and Winnsboro Petroleum allege the following: "(1) the proposed amended complaint incorrectly states that Defendant Diamond owns Winnsboro Petroleum, despite the inaccuracy which has been brought to the attention of the plaintiff multiple times; (2) the proposed amended complaint does not reflect the agreement reached among counsel as the plaintiff adds a new cause of action; (3) the parties have engaged in no discovery and, thus, no facts have come to light which would justify the plaintiff asserting a new cause of action sounding in disability discrimination pursuant to 42 U.S.C. § 12101." *Id*. at 1-2. Defendants Diamond and Winnsboro Petroleum allege "this new theory is inconsistent with the claims in the Plaintiff's original complaint." *Id*. at 4. These Defendants oppose Plaintiffs' proposed amended complaint and request that the court deny the motion. *Id*.

---

[4] Plaintiff dismisses the following Defendants Alquzah, Dhillion, Diamond, Murad, and Singh. ECF No. 39-1, Proposed Amended Complaint.
[5] Plaintiff proceeds against the following Defendants Ranis Mart, C.K. Acquisitions, LLC, Winnsboro Petroleum, Alhanik, LLC, and Cheapway. *See* ECF No. 39-1.

On October 30, 2017, Defendants Alquzah, Ranis Mart, Murad, Alhanik LLC, Singh, and Cheapway filed responses in opposition to Plaintiff's motion to amend.[6] ECF Nos. 41, 42, 43. These Defendants oppose Plaintiff's proposed amended complaint as it adds a new cause of action. *Id*. at 1. They contend "there is no evidence of any discrimination based on disability" and argue that "if a factual basis for disability discrimination had existed at the time, Plaintiff would have or should have so pled."[7] *Id*. at 2-3. These Defendants respectfully request that the court deny Plaintiff's amendment as "it is frivolous, futile, and/or in bad faith." *Id*.

## II. LEGAL STANDARDS

Fed. R. Civ. P. 15(a)(1) allows for a pleading to be amended once as a matter of course within twenty-one days after service of the pleading, or, if the pleading requires a response, within twenty-one days after service of a responsive pleading. "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "[A] district court has discretion to deny a motion to amend a complaint, so long as it does not outright refuse 'to grant the leave without any justifying reason.'" *Equal Rights Ctr. v. Niles Bolton Assoc.*, 602 F.3d 597, 603 (4th Cir. 2010). "This directive gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities." *Matrix Capital Mgmt. Fund, LP v. BearingPoint, Inc.*, 576 F.3d 172, 193 (4th Cir. 2009).

A district court may deny a motion to amend when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile. *See*

---

[6] Defendants' response in opposition to Plaintiff's motion to amend are identical in all respects, except for their names.
[7] These Defendants contend a violation of Fed. R. Civ. P. 11, as no factual basis exists for the amendment, but do not seek sanctions for the alleged violation. ECF Nos. 41, 42, 43.

*Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006) (citing *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)). First, "whether an amendment is prejudicial will often be determined by the nature of the amendment and its timing." *Laber*, 438 F.3d at 427. "A common example of a prejudicial amendment is one that "raises a new legal theory that would require the gathering and analysis of facts not already considered by the [defendant and] is offered shortly before or during trial." *Id*. Second, "delay alone is an insufficient reason to deny the plaintiff's motion to amend." *Id*. However, "[t]he further the case progressed before judgment was entered, the more likely it is that the amendment will prejudice the defendant or that a court will find bad faith on the plaintiff's part." *Id*.

### III. DISCUSSION

The court will now analyze Plaintiff's motion to amend by evaluating the *Laber* factors as provided by the Fourth Circuit. *Laber*, 438 F.3d at 427. Defendant Alquzah, Ranis Mart, Murad, Alhanik LLC, Singh, and Cheapway oppose Plaintiff's motion to amend on two grounds: bad faith and futility.[8] ECF No. 41 at 3, ECF No. 42 at 3, ECF No. 43 at 3. The court will examine first whether the amendment is prejudicial to Defendants and then address Defendants' arguments.[9]

**A. Prejudice**

First, the court will evaluate whether the timing of Plaintiff's amendment is prejudicial to Defendants. At the time Plaintiff made his motion to amend, the case was pending for four months. Defendants Alquzah, Ranis Mart, Murad, Alhanik LLC, Singh, Cheapway, Diamond, and

---

[8] Defendant Diamond and Winnsboro Petroleum do not oppose Plaintiff's motion to dismiss on these grounds. *See* ECF No. 40. These Defendants specifically oppose Plaintiff's motion to amend for adding a new cause of action. The court will address Defendants Diamond and Winnsboro Petroleum's argument in the court's prejudice analysis.

[9] The court notes that although Defendants do not argue that the amendment would be prejudicial, the court will conduct a prejudice analysis as instructed by *Laber*, 438 F.3d at 427.

7

Winnsboro Petroleum admit that "nothing has changed since Plaintiff filed his original complaint" and that "little or no discovery has taken place in this case." ECF No. 5 at 3-4, ECF No. 41 at 2, ECF No. 42 at 2, ECF No. 43 at 2. The court finds that Plaintiff's amended complaint is still early in the pre-trial process and thus, Defendants are not prejudiced by the timing of Plaintiff's amended complaint.

Next, the court will evaluate the nature of the amendment and whether adding a new cause of action is prejudicial to Defendants. The court notes that in Plaintiff's original complaint, Plaintiff alleged that he "is [a] disabled, African American United States citizen." Compl. ¶ 2. While Plaintiff did not elaborate any further with regards to his disability, the court finds that this fact alone negates that Defendants could have been surprised by a disability cause of action in Plaintiff's amended complaint. The court further finds that Plaintiff's new cause of action does not change Plaintiff's theory of the case, but merely adds an alternative discrimination theory based on disability. *See Laber,* 438 F.3d at 428 (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962) (reversing the district court's entry of judgment of dismissal and denial of plaintiff's motion to amend where "the amendment would have done no more than state an alternative theory for recovery")); *see also Laber*, 438 F.3d at 427 (noting that "[a]n amendment is not prejudicial, by contrast, if it merely adds an additional theory of recovery to the facts already pled and is offered before any discovery has occurred")). Accordingly, the court finds that Defendants are not prejudiced by Plaintiff's motion to amend. *See Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980) (recognizing that "[a]bsence of prejudice, though not alone determinative, will warrant granting leave to amend").

### B. Bad Faith

Defendants Alquzah, Ranis Mart, Murad, Alhanik LLC, Singh, and Cheapway argue that the proposed amendment was sought in bad faith, since Plaintiff failed to provide an evidentiary basis in the original complaint for the new cause of action. ECF No. 41 at 3, ECF No. 42 at 3, ECF No. 43 at 3. The court finds this argument is without merit. *See Laber*, 438 F.3d 404 ("Delay alone, however, is an insufficient reason to deny the plaintiff's motion to amend."); *see also Davis*, 615 F.2d at 613 (noting that a delay of four months should not suffice as reason for denial of a motion to amend). The court further finds that these Defendants failed to allege any facts to suggest Plaintiff has acted in bad faith. The present motion is Plaintiff's first request to amend the complaint and there is no indication that the omission amounted to bad faith.

### C. Futility

Defendants Alquzah, Ranis Mart, Murad, Alhanik LLC, Singh, and Cheapway argue that Plaintiff's motion to amend should be denied because the proposed amendment is futile. ECF No. 41 at 3, ECF No. 42 at 3, ECF No. 43 at 3. "For a motion to amend to be denied for futility, the amendment must be 'clearly insufficient or frivolous on its face." *City of Charleston, South Carolina v. Hotels.Com, LP*, C/A No. 2:cv-1646-PMD, 487 F. Supp. 2d 676, 679 (D.S.C. Apr. 23, 2007) (citing *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986)); *see also City of Charleston*, 487 F. Supp. 2d at 679 (citing *Rambus, Inc. v. Infineon Tech., AG*, 304 F. Supp. 2d 812, 819 (E.D. Va. 2004) ("Courts generally favor the 'resolution of cases on their merits' . . . [t]hus the substantive merits of a proposed claim [or defense] are typically best left for later resolution, e.g., [a] motion to dismiss or for summary judgment, . . . or for resolution at trial.")). "[T]herefore, the futility analysis under Rule 15(a) necessarily requires a preliminary assessment of the allegations of the proposed amendment in light of the substantive law on which the

9

additional claims are based." *Kramer v. Omnicare, ESC, LLC*, C/A No. 2:14-cv-3546-PMD, 307 F.R.D. 459 (D.S.C. May 27, 2015) (internal citations omitted). "[I]f any new well-pleaded facts are asserted in the new proposed complaint, but fail to show that the plaintiff is entitled to relief, the court should deny the motion for leave to amend." *In re: Building Materials Corp.*, C/A No. 8-11-mn-02000-JMC, 2013 WL 12152414 at *2 (D.S.C. June 17, 2013) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

To prevail on a disability discrimination claim pursuant to 42 U.S.C. § 12182, Plaintiff must show (1) a disability within the meaning of the American Disability Act;[10] (2) Defendants are a private entity that owns, leases, or operates a place of public accommodation;[11] and (3) Plaintiff was denied public accommodations by Defendants because of his disability. *See Molkski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007).

---

[10] Pursuant to 28 U.S.C. § 12102, "the term 'disability' means, with respect to an individual (A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (2) a record of such an impairment; or (3) being regarded as having such an impairment (as described in paragraph (3))." Paragraph (3) provides that (A) "an individual meets the requirement of 'being regarded as having such an impairment' if the individual establishes that he or she has been subjected to an action prohibited under this chapter because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity; (B) Paragraph (1)(C) shall not apply to impairments that are transitory and minor. A transitory impairment is an impairment with an actual or expected duration of 6 months of less."

[11] Pursuant to 42 U.S.C. § 12181(7), "the following private entities are considered public accommodations for purposes of this subchapter, if the operations of such entities affect commerce – (A) an inn, hotel, motel, other place of lodging, except for an establishment located within a building that contains not more than five rooms for rent or hire and that is actually occupied by the proprietor of such establishment as the residence of such proprietor; (B) a restaurant, bar, or other establishment serving food or drink; (C) a motion picture house, theater, concert hall, stadium, or other place of exhibition or entertainment; (D) an auditorium, convention center, lecture hall, or other place of public gathering; (E) a bakery, grocery store, clothing store, hardware store, shopping center, or other sales or rental establishment; (F) a laundromat, dry-cleaner, bank, barber shop, beauty shop, travel service, shoe repair service, funeral parlor, gas station, office of an accountant or lawyer, pharmacy, insurance office, professional office of a health care provider, hospital, or other service establishment; (G) a terminal, depot, or other station used for specified public transportation . . . ."

Based on Plaintiff's proposed amended complaint and factual allegations, the court finds Plaintiff has established a *prima facie* case for disability discrimination pursuant to 42 U.S.C. § 12182. The following factual allegations support the court's conclusion: (1) Plaintiff alleges to be disabled as defined by 42 U.S.C. § 12101,[12] ECF No. 39-1 ¶ 35; (2) Plaintiff alleges Defendants are owners and operators of convenience stores in South Carolina, ECF No. 39-1 ¶ 3-12; and (3) Plaintiff alleges he was denied use of public accommodations such as Defendants' restroom facilities because of his disability, ECF No. 39-1 ¶ 33-34. In support of the third prong, Plaintiff further alleges that (1) "at the time Plaintiff requested to use the Defendants' restroom, he informed the Defendants that he had a medical condition that rendered him disabled;" and (2) "despite having the knowledge that Plaintiff was disabled, the Defendants refused to allow him to use the restroom, but on numerous occasions the Defendants allowed the non-disabled customers to use the restroom facilities." ECF No. 39-1 ¶ 33-34. The court finds that Plaintiff's amended complaint is not futile and alleges a cause of action for disability discrimination. Plaintiff's motion to amend the complaint is granted.

**D. Defendants' Motions to Dismiss**

In granting Plaintiff's motion to amend the complaint, Defendants' motion to dismiss are rendered moot. *See Young v. City of Mount Rainer*, 238 F.3d 567, 573 (4th Cir. 2001) ("The general rule . . . is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect."); *Fawzy v. Wauquiez Boats SNC*, 873 F.3d 451, 455 (4th Cir. 2017) ("Because a properly filed amended complaint supersedes the original one and becomes the

---

[12] The court notes that Plaintiff has not specified exactly what his disability entails aside from alleging that he is disabled within the meaning of the Act. The court does not need further details at this time as "the futility analysis under Rule 15(a) necessarily requires a preliminary assessment of the allegations of the proposed amendment in light of the substantive law on which the additional claims are based." *Kramer*, 307 F.R.D. 459.

operative complaint in the case, it renders the original complaint 'of no effect.'"); *see also Harrera – Roman v. Harris*, 2013 WL 941726, at *1 (S.D. Cal. 2013) (noting that "[o]nce a plaintiff files an amended complaint, the previous pleading no longer serves any function in the case . . . [b]ecause Defendants request dismissal of a non-operative pleading, the request is moot.").

### IV. CONCLUSION

The court grants Plaintiff's motion to amend/correct the complaint to remove certain Defendants in their individual capacities and to add a new disability cause of action. ECF No. 39. Defendants' motion to dismiss, ECF No. 5, ECF No. 27, ECF No. 31, ECF No. 32, are rendered moot. Plaintiff shall file an amended complaint within 10 days of this order.[13]

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Dated: March 14, 2018

---

[13] The court notes that Defendant Diamond and Winnsboro Petroleum object to Plaintiff's allegation that Defendant Diamond owns and operates Winnsboro Petroleum. ECF No. 40 at 2. Defendants argue Plaintiff was informed of this inaccuracy on multiple occasions. *Id*. The court, however, was not provided with any documentation to show otherwise. To the extent Plaintiff wishes to correct the alleged inaccuracy when filing the amended complaint, Plaintiff is permitted to do so.

12